Walter K. Pyle (Bar No. 98213)
2039 Shattuck Avenue, Suite 202
Berkeley, CA  94704-1116
(510) 849-4424
*Attorney for Petitioner*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. MCDONOUGH,

    *Petitioner,*

v.

JAMES A. YATES, Warden,

    *Respondent.*

No. **C 07-2469 MMC**

PETITION FOR WRIT OF HABEAS CORPUS
[28 U.S.C. §2254]

Petitioner is being held by respondent, James A. Yates, Warden of Pleasant Valley State Prison, in violation of his federal constitutional rights, as is more fully set forth below.

### 1. The State Conviction and Sentence

After a preliminary hearing had been held in the Santa Clara County (California) Superior Court, petitioner pled guilty[1] to committing a total of seven similar offenses over a 10-year period.

After the first five offenses had been committed, the Legislature in 1994 changed the law so as to limit sentence credits for "violent felonies" to no more

---

[1] Petitioner entered his pleas pursuant to North Carolina v. Alford (1970) 400 U.S. 25, which permits a person who maintains he is innocent to nevertheless plead guilty in order to take advantage of the plea bargain.  Because petitioner was found guilty, we will speak in this petition as if he had actually committed the offenses.

than 15%, Cal. Pen. Code § 2933.1, thereby effectively lengthening the sentence that must be served.[2] Petitioner concedes that his offenses fell within the definition of "violent felonies."

The 1994 statute itself says that the 15% limit on sentence credits does *not* apply to offenses committed before the effective date of the statute. Cal. Pen. Code § 2933.1(d). The California Court of Appeal found that

Two of the seven offenses to which petitioner pled guilty took place after the change in the law, i.e., after 1994. He does not dispute that the 15% limitation on credits applies to those offenses.

Petitioner, upon his plea of guilty, was found guilty of all seven offenses, and was sentenced to 28 years in prison, consisting of 12 years attributable to conviction of the "earlier" offenses, and 16 years attributable to the offenses committed after 1994. Initially the trial court imposed the 15% credit limit on all seven counts of conviction, but after a hearing on a motion filed by new counsel, the court lifted the credit limit on the five offenses committed before the effective date of the new statute, and imposed the credits limit on only the two offenses which were committed after the new law was passed. The abstract of judgment stated, "The Limitation on Sentence Credits in Penal Code Section 2933.1, which were enacted in 1994 cannot be applied to Counts 1, 2, 3, 4, and 7."

The State appealed. The California Court of Appeal reversed the trial court's ruling, and imposed the 15% limit on sentence credits on all seven counts of conviction, including the offenses that were committed before the statute limiting sentence credits was enacted.

---

[2] Prior to the 1994 amendment, a prisoner could earn up to 50%, or so-called "day-for-day" sentence credits.

### 2. Petitioner Has Exhausted His State Remedies

Following the adverse decision of the California Court of Appeal, the California Supreme Court denied petitioner's request for discretionary review on February 8, 2006. The last day for filing a certiorari petition was May 9, 2006. This petition is filed within 1 year of that latter date.

### 3. No Prior Writs; No Adequate Legal Remedy

No other petition for habeas corpus or other extraordinary relief has been filed by petitioner in connection with the facts stated herein. Petitioner has no other plain speedy or adequate remedy at law but for this petition for habeas corpus.

### 4. Grounds for Relief

The punishment imposed on petitioner for the five offenses of conviction which were committed prior to the enactment of the 15% sentence limitation in 1994 was greater than the punishment to which he was subject at the time of the offenses. Petitioner is being held in custody in violation of the *Ex Post Facto* Clause of Article I, Section 9 of the United States Constitution, which provides, in relevant part:

> No Bill of Attainder or ex post facto Law shall be passed.

Unless relief is granted petitioner will have to serve a longer sentence than the *Ex Post Facto* Clause permits.

WHEREFORE, petitioner prays that this Court:

(a) Take judicial notice of the record in petitioner's superior court case (Santa Clara (California) Superior Court No. CC121435) and the related

appellate record in the California Court of Appeal (No. H027004) and California Supreme Court (No. S139311);

    (b)  Order respondent to show cause why petitioner is not entitled to the relief prayed;

    (c)  After full consideration of the issues raised in this petition, vacate the limit on sentence credits as to Counts 1, 2, 3, 4, and 7, which describe offenses committed prior to the enactment of the statute which limited sentence credits to 15%; and

    (d)  For such other relief as may be just.

/ s /    *Walter K. Pyle*
        Walter K. Pyle
    *Attorney for Petitioner*

## VERIFICATION

    I, Walter K. Pyle, am the attorney for petitioner in this case. I have represented petitioner throughout his appeals in the State courts, and at the hearing in the superior court from which the State took its appeal. I am as familiar or more familiar with the record in the case as the petitioner, who is incarcerated and unavailable to sign this petition at this time. The petition is based upon the facts appearing in the record in his State appeals, and I have personal knowledge thereof.

I declare under penalty of perjury that the foregoing is true and correct. May 7, 2007.

                                              Walter K. Pyle