IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID M. McDONOUGH,

    Petitioner,

v.

JAMES A. YATES, Warden,

    Respondent.

_____/

No. C-07-2469 MMC

**ORDER TO SHOW CAUSE**

On May 8, 2007, petitioner, a California prisoner incarcerated at Pleasant Valley State Prison, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner pled guilty to five counts of lewd conduct upon a male minor under the age of 14, and two counts of forcible lewd conduct upon a female minor under the age of 14. See People v. McDonough, 2005 WL 2722840 at *1 (Cal. Ct. App. Oct. 21, 2005). Petitioner was sentenced to an aggregate term of 28 years in state prison. (See id.)

The offenses with respect to the male minor were alleged in the information to have been committed on unspecified dates during a five-year period between September 1990 and September 1995. See id. The offenses with respect to the female minor were alleged to have been committed between 1996 and 1998. See id. at *6.

On September 21, 1994, within the period during which the crimes upon the male minor were alleged to have been committed, the California Legislature enacted Penal Code § 2933.1, which provides that any person who is convicted of a "violent felony"[1] as specified therein "shall accrue no more than 15 percent of worktime credit."[2] See Cal. Penal Code § 2933.1(a). Section 2933.1 further provides, with respect to persons convicted of such felonies, that the maximum amount of "credit that may be earned against a period of confinement . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement." See Cal. Penal Code § 2933.1(c); see also People v. Aguirre, 56 Cal. App. 4th 1135, 1140 (1997) (holding § 2933.1(c) applies to both worktime and goodtime credits[3]). Section 2933.1 "only appl[ies] to offenses . . . committed on or after the date on which [the] section [became] operative." See Cal. Penal Code § 2933.1(d).

At sentencing, the trial court, pursuant to § 2933.1(c), initially limited petitioner's goodtime/worktime credit to 57 days, which constituted 15 percent of petitioner's period of 386 days in presentence custody. See People v. McDonough, 2005 WL 2722840 at *1. The trial court thereafter granted petitioner's motion for additional credit with respect to the sentence imposed for the offenses upon the male minor, on the ground that application of § 2933.1 to those offenses violated the Ex Post Facto clauses of the United States and California Constitutions. See id.

The People appealed the order granting additional credit, and the California Court of Appeal reversed. See id. Petitioner thereafter filed a petition for review with the California Supreme Court, which petition was summarily denied in an order filed February 8, 2006. (See Pet. at 3.)

---

[1] Petitioner concedes his offenses qualify as violent felonies under § 2933.1. (See Pet. at 2.)

[2] Worktime credits reduce "the time served in . . . custody . . . for performance in work, training or education programs." See Cal. Penal Code § 2933(a).

[3] Goodtime credits reduce a prison term for "good behavior." See Cal. Penal Code § 2931(a).

## DISCUSSION

### A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B.  Petitioner's Claims

Petitioner contends application of § 2933.1 to the offenses he committed before September 21, 1994 violates the Ex Post Facto clause of the United States Constitution. (See Pet. at 3.)  Liberally construed, petitioner states a cognizable claim.  See, e.g., Lynce v. Mathis, 519 U.S. 433, 445 (1997) (quoting Weaver v. Graham, 450 U.S. 24, 32 (1981)) (holding "retroactive application of provisions that govern initial sentencing[ ] implicates the Ex Post Facto Clause"); Weaver v. Graham, 450 U.S. 24, 36 (1981) (holding statute reducing availability of good time credit violated Ex Post Facto clause as applied to person who committed crime before enactment of statute).

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.

2.   Respondent shall file with the Court and serve on petitioner, within 60 days of

1   the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules
2   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
3   granted based on petitioner's cognizable claim. Respondent shall file with the answer and
4   serve on petitioner a copy of all portions of the state trial record that have been transcribed
5   previously that are relevant to a determination of the issues presented by the petition.

6       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
7   the Court and serving it on respondent within 30 days of the date the answer is filed.

8       3.    In lieu of an answer, respondent may file, within 60 days of the date this order
9   is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
10  Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
11  motion, petitioner shall file with the Court and serve on respondent an opposition or
12  statement of non-opposition within 30 days of the date the motion is filed, and respondent
13  shall file with the Court and serve on petitioner a reply within 15 days of the date the
14  opposition is filed.

15  **IT IS SO ORDERED.**

16  Dated: June 13, 2007                        MAXINE M. CHESNEY
17                                                United States District Judge