1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  WILLIAM M. KUIMELIS, State Bar No. 147625
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5873
    Fax:  (415) 703-1234
8   Email:  William.Kuimelis@doj.ca.gov

9  Attorneys for Respondent

10                    IN THE UNITED STATES DISTRICT COURT

11                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                            SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID M. McDONOUGH,** | C 07-2469 MMC |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |
| v. | |
| **JAMES A. YATES, Warden,** | |
| Respondent. | |

On May 8, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising one claim challenging his state court sentence. On June 13, 2007, this Court issued an Order to Show Cause. We explain below why habeas corpus relief is unwarranted.

## STATEMENT OF THE CASE AND FACTS

On December 28, 2001, the Santa Clara County District Attorney filed a criminal complaint charging petitioner with three counts of lewd conduct on Brandon Doe (Cal. Penal Code

1  § 288(a))[1], one count of oral copulation on Brandon Doe (§ 288a(b)(2)), one count of lewd conduct
2  by force on Victoria Doe (§ 288(b)(3)), and two counts of aggravated sexual assault on Victoria Doe
3  (§ 269). CT 24–30. On July 31, 2002, the charges were amended and petitioner entered conditional
4  pleas of guilty to all counts as follows:

5   Count 1: Lewd act on Brandon Doe between September 28, 1990 and September 27, 1995 (§ 288(a));

6   Count 2: Lewd act on Brandon Doe between September 28, 1990 and September 27, 1995 (§ 288(a));

7

8   Count 3: Lewd act on Brandon Doe between September 28, 1990 and September 27, 1995 (§ 288(a));

9   Count 4: Lewd act on Brandon Doe between September 28, 1990 and September 27, 1995 (§ 288(a));

10

11   Count 5: Forcible lewd act on Victoria Doe between September 23, 1996 and September 22, 1998 (§ 288(b)(1));

12   Count 6: Forcible lewd act on Victoria Doe between September 23, 1996 and September 22, 1998 (§ 288(b));

13

14   Count 7: Lewd act on Brandon Doe between September 28, 1990 and September 27, 1995 (§ 288(a)).

15

16  CT 24–28, 32, 43–45. Testimony provided at the preliminary hearing indicated that petitioner had
17  conducted innumerable acts throughout the entire period of each charge. *See* CT of case number
18  H025752 at 16–145; Ex. 6 at 5, 9–10, 18. As part of a negotiated plea agreement, in exchange for
19  petitioner's guilty plea, the two counts of aggravated sexual assault against Victoria Doe, each carrying
20  a possible sentence of 15 years to life in prison, were reduced to lewd conduct, and petitioner was
21  guaranteed a sentence of 24 years minimum and 32 years maximum in state prison. CT 43–45.

22       On January 8, 2003, petitioner was sentenced to a prison term of 28 years in accordance with
23  the negotiated disposition. CT 37–39, 47. The court imposed a 15 percent limitation on presentence
24  conduct credit pursuant to section 2933.1 and awarded credit for time served of 386 actual days and 57
25  days of presentence-conduct credit, for a total of 443 days. CT 34, 39.

26  ─────────────────────────────
27    1. Subsequent statutory references are to the California Penal Code unless otherwise indicated.
28

Memorandum of Points and Authorities in Support of Answer, *McDonough v. Yates*, C 07-2469

2

On October 31, 2003, petitioner filed a motion in the superior court to strike the 15 percent limitation on presentence conduct credits insofar as it applied to counts 1 through 4, and 7. CT 1–19. On December 29, 2003, the trial court struck the 15 percent limitation with regards to counts 1 through 4, and 7, and granted petitioner an additional 135 days of presentence conduct credit. CT 98, 100. The People appealed.

On October 21, 2005, the California Court of Appeal reversed the trial court's ruling, and imposed the 15 percent limitation on petitioner's presentence-conduct credits. Ex. 6.

On February 8, 2006, the California Supreme Court denied review. Ex. 9.

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes a "highly deferential" standard for evaluating state court rulings and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Under AEDPA, the federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). A decision constitutes an unreasonable application of Supreme Court law only if the state court's application of law to the facts is not merely erroneous, but "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The petitioner bears the burden of showing that the state court's decision was unreasonable. *Visciotti*, 537 U.S. at 25.

Where the state court denies relief without a reasoned opinion, the federal habeas court does not review the claim de novo, but does "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

## ARGUMENT

**THE SECTION 2933.1 LIMITATION ON PRESENTENCE CONDUCT CREDIT DOES NOT VIOLATE THE EX POST FACTO CLAUSE**

Memorandum of Points and Authorities in Support of Answer, *McDonough v. Yates*, C 07-2469

3

Petitioner pled guilty, among other charges, to five counts alleging dates that straddled the September 21, 1994, effective date of Cal. Penal Code section 2933.1. Because the record does not specify whether he committed the acts prior to the statute's effective date, petitioner argues that the statute's limitation of his presentence conduct credits as to those counts violates the Ex Post Facto Clause of the United States Constitution. Petitioner is mistaken. He also pled guilty to two counts alleged to have occurred between 1996 and 1998. Those two counts are unquestionably subject to the statute. As will be demonstrated below, because section 2933.1 applies to the offender, not to the specific offense, its credit limitation applies to the entire period of presentence confinement. So long as the offender is convicted of one qualifying violent offense within an aggregate term, applying the presentence conduct credit limitation to his entire period of presentence confinement is not a retroactive increase in punishment within the meaning of the Ex Post Facto Clause. Therefore, the state court's denial of petitioner's claim was not objectively unreasonable.

**A.   Applicable Federal Law**

Article I, § 10 of the U.S. Constitution provides: "No State shall . . . pass any . . . ex post facto law." The Ex Post Facto Clause prohibits the states from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham,* 450 U.S. 24, 28 (1981), quoting *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 325-26 (1866). "[T]he focus of the ex post facto inquiry is not on whether a legislative change produces some sort of 'disadvantage,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *California Dep't of Corrections v. Morales,* 514 U.S. 499, 506 n. 3 (1995).

**B.   Section 2933.1**

Section 4019 permits a defendant to earn presentence conduct credit at the rate of two days for every four days of presentence custody. *See In re Marquez,* 30 Cal.4th 14, 25–26 (2003). However, section 2933.1(c) represents an exception to the general rule. It provides:

> Notwithstanding Section 4019 or any other provision of the law, the maximum credit that may be earned against a period of confinement in, or commitment to a county jail . . ., following arrest and prior to placement in the custody of the Director of Corrections, shall

1  not exceed 15 percent of the actual period of confinement for *any person specified in subdivision (a)*.

(Italics added.) Under section 2933.1(a), specified persons are those who are convicted of a violent offense listed in section 667.5(c). Lewd conduct in violation of section 288 is a listed offense. § 667.5(c)(6). Thus, each of petitioner's seven convictions qualified for the credit limitation of section 2933.1(c).

Section 2933.1(d) provides: "This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative." Section 2933.1 was enacted in 1994 as an urgency measure and became effective on September 21, 1994. 1994 Cal.Stat. 3448.

**C.    The State Court Opinion**

The Court of Appeal found, as a matter of state law, that periods of presentence confinement are indivisible for the purpose of calculating custody credits. This rule even applies where, as petitioner alleges here, an aggregate term consists of both offenses that qualify for a credit limitation and offenses that, standing alone, do not qualify. In such cases, the entire term of presentence confinement is subject to the section 2933.1 credit limitation. Ex. 6 at 11–17.

The Court of Appeal noted that a contrary holding would have an absurd result: it would treat petitioner as if he had not been convicted of any qualifying violent offense. Had petitioner only been convicted of his two qualifying violent offenses, he would have been entitled to only 57 days of presentence conduct credits. According to petitioner, however, he is entitled to an additional 135 days of presentence conduct credit because he committed five additional, arguably nonqualifying offenses. Petitioner would thus receive more credit for committing more crimes. Ex. 6 at 15.

The state court addressed the Ex Post Facto Clause by likening section 2933.1 to recidivist sentencing statutes. The state court noted that section 2933.1, by its own terms, applied to "any *person specified in subdivision (a)*." Ex. 6 at 13, italics added. This language, the state court found, indicated that the statute "applies to the offender not to the offense." *Id*. Moreover, like California's recidivist sentencing statutes, which do not violate the Ex Post Facto Clause, section 2933.1 "applies to the *offender* by reason of his or her commission of a listed offense *after* the statute was enacted." Ex. 6 at

17. According to the state court,

> The legislature enacted section 2933.1(c) to protect the public from those who have committed a violent offense *after* the effective date of the statute by reducing the accrual rate for presentence conduct credit and thereby delaying their ultimate release on parole. The lower accrual rate is attributable to defendant's membership in the target group: persons convicted of listed offenses committed *after* September 21, 1994. Moreover, the lower accrual rate is applied to a period of presentence custody that is indivisibly attributable to all charges, including charges for qualifying offenses. Thus it does not cause additional or increased punishment for any specific offense for which defendant was in custody prior to sentencing.

Ex. 6 at 17–18.

Finally, the state court found that petitioner had not established that he was being punished for offenses committed before the September 21, 1994, effective date of section 2933.1. The record demonstrated that the offenses were equally likely to have occurred after the effective date. Therefore, petitioner could not demonstrate that the statute applied to events occurring before its enactment. Ex. 6 at 18.

**D.  The State Court's Denial of Petitioner's Claim Was Not Objectively Unreasonable**

Petitioner's presentence confinement was due, in part, to two qualifying offenses that he undeniably committed after section 2933.1 became effective. His eligibility for the sentence credit limitation of the statute was based entirely on those two offenses. The fact that petitioner was also confined for offenses he might have committed prior to the effective date of the statute is irrelevant. Petitioner's argument to the contrary is not only contrary to California law, which holds that a period of presentence confinement is indivisibly attributable to all of the offenses for which a defendant is convicted, it is contrary to reason. In effect, petitioner argues that he is entitled to additional presentence conduct credit because he committed more offenses than the two violent felonies that triggered section 2933.1—that his additional offenses somehow mitigate the two violent felonies that triggered the statute. The state court's denial of this claim was not objectively unreasonable.

Even if it were not proper to attribute the entire term of petitioner's presentence confinement to his two qualifying violent felonies, the sentence credit limitation of section 2933.1 applies to the offender by reason of his or her commission of a listed offense *after* the statute was enacted. In this respect, section 2933.1 is analogous to recidivist sentencing statutes. The Supreme Court has repeatedly upheld recidivist sentencing statutes—in which the existence of prior crimes stiffens a penalty that is

imposed for commission of a later crime—when challenged on ex post facto grounds. *See, e.g., Parke v. Raley*, 506 U.S. 20, 27 (1992). It is generally held that increased penalties for subsequent offenses are attributable to the defendant's status as a repeat offender and arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense. *See, e.g., Graham v. West Virginia*, 224 U.S. 616, 623–24 (1912). Section 2933.1 falls within this category of sentencing statutes that do not violate the Ex Post Facto Clause. For this reason, too, the state court's denial of petitioner's claim was not objectively unreasonable.

## CONCLUSION

Accordingly, respondent respectfully requests that the petition be denied.

Dated: December 26, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General


**/s/ William M. Kuimelis**

WILLIAM M. KUIMELIS
Deputy Attorney General

Attorneys for Respondent

40197596.wpd