IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. MCDONOUGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES A. YATES,<br><br>　　　　Respondent.　　　　　　　　／ | No. C-07-2469 MMC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On May 8, 2007, petitioner David McDonough ("petitioner") filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his sentencing in state court. Respondent James A. Yates has filed an answer, and petitioner has filed a traverse. Having read and considered the papers filed in support of and in opposition to the petition,[1] the Court rules as follows.

**BACKGROUND**

On July 31, 2002, petitioner pled guilty to five counts of lewd conduct upon a male minor under the age of 14, and two counts of forcible lewd conduct upon a female minor under the age of 14. (See Ans. Ex. 14 at 316.) The offenses constituting the five counts involving the male minor, specifically, Counts 1, 2, 3, 4 and 7, were alleged to have been

---

[1] In addition to the above-referenced filings, petitioner filed a separate memorandum in support of his petition, and respondent filed a separate memorandum in support of his answer.

committed on unspecified dates during a five-year period "on or about and between September 28, 1990 and September 27, 1995." See People v. McDonough, No. HY027004, 2005 WL 2722840, at *1 & n.3 (Cal. Ct. App. Oct. 21, 2005) (quoting amended information).[2] The offenses constituting the two counts involving the female minor, specifically, Counts 5 and 6, were alleged to have been committed between September 23, 1996 and September 22, 1998. See McDonough, 2005 WL 2722840, at *6.

On January 8, 2003, petitioner was sentenced to consecutive terms of six years on Count 1, two years each on Counts 2 through 4, and eight years each on Count 5 and 6, as well as a concurrent term of six years on Count 7, for an aggregate term of 28 years in prison. (See Ans. Ex. 1 at 74:8-21 (transcript of sentencing), Ex. 14 at 425-28 (minute order and abstract of judgment).)

On September 21, 1994, within the period during which the crimes upon the male minor were alleged to have been committed, the California Legislature enacted California Penal Code § 2933.1, which provides:

> (a) Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.[3]
>
> (b) The 15-percent limitation provided in subdivision (a) shall apply whether the defendant is sentenced under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 or sentenced under some other law. However, nothing in subdivision (a) shall effect the requirement of any statute that the defendant serve a specified period of time prior to minimum parole eligibility, nor shall any offender otherwise statutorily ineligible for credit be eligible for credit pursuant to this section.

---

[2] As originally filed, the information charged the following: lewd acts upon the male minor between September 28, 1990 and September 27, 1995 (Counts 1 through 3); oral copulation and aggravated sexual assault upon the male minor between September 28, 1996 and September 27, 1997 (Counts 4 and 7, respectively); aggravated sexual assault upon the female minor between September 23, 1996 and September 22, 1998 (Counts 5 and 6). (See Ans. Ex. 14 at 162-66.) The charges were later amended such that all the charged offenses pertaining to the male minor were alleged to have been committed between September 28, 1990 and September 27, 1995. (See Ans. Ex. 1 at 41-44 (reporter's transcript of change of plea hearing) (noting amendment of charges); id. at 53-55 (setting forth charges as amended).)

[3] California Penal Code § 667.5(c) contains a listing of offenses designated "violent felon[ies]," which list includes lewd acts on a child under the age of 14 years. See Cal. Penal Code § 667.5(c)(3)(6) (West 1994). Petitioner concedes his offenses qualify as violent felonies. (See Pet. at 2.)

2

> (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a).[4]
>
> (d) This section shall only apply to offenses listed in subdivision (a) that are committed on or after the date on which this section becomes operative.

See 1994 Cal. Legis. Serv. Ch. 713 (A.B. 2716) (West 1994). Prior to the enactment of § 2933.1, California law permitted a defendant to earn conduct credit up to 50 percent of his sentence for any crime. See Cal. Penal Code § 4019.

At sentencing, the trial court, pursuant to § 2933.1(c), initially awarded petitioner presentence goodtime/worktime credit in the amount of 57 days, which constituted 15 percent of petitioner's 386-day presentence confinement. See McDonough, 2005 WL 2722840, at *1. Thereafter, petitioner filed a motion for additional credit on the charges involving the offenses against the male minor, arguing application of § 2933.1 to those offenses violated the Ex Post Facto Clauses of both the United States and California Constitutions. The trial court granted the motion and awarded petitioner an additional 135 days of presentence credit on "[Counts] 1, 2, 3, 4, and 7." See id.; (Ans. Ex. 1 at 95 (clerk's minutes).)[5] The trial court also ordered the California Department of Corrections to

---

[4] Worktime credits reduce "the time served in . . . custody . . . for performance in work, training or education programs . . . ." See Cal. Penal Code § 2933(a) (2002) (amended 2010). Goodtime credits reduce a prison term for "good behavior." See Cal. Penal Code § 2931(a). See also People v. Aguirre, 56 Cal. App. 4th 1135, 1140 (Cal. Ct. App. 1997) (holding § 2933.1(c) applies to both worktime and goodtime credits).

[5] Although the trial court apparently intended to award a 50 percent credit only for the time petitioner had served as a result of the charges pertaining to the offenses upon the male minor (see Ans. Ex. 1 at 95 (finding "[petitioner] is not subject to the sentence credit restrictions of [§] 2933.1 on the sentence imposed on [Counts] 1, 2, 3, 4, and 7")), and not for the time petitioner had served as a result of the charges pertaining to the female minor, which offenses, petitioner conceded warranted only a 15 percent credit (see Pet. at 2:8-10), the trial court in fact provided petitioner a 50 percent credit for the entire period of his presentence confinement (see Ans. Ex. 1 at 98 (awarding 192 days credit on 386 days of presentence confinement).) The futility of the trial court's effort to apportion presentence credit among various offenses has been recognized by the California Supreme Court. See People v. Reeves, 35 Cal. 4th 765, 775 (2005) (noting "[a] period of presentence confinement is indivisibly attributed to all of the offenses with which the prisoner is charged and of which he is eventually convicted"; holding, under § 2933.1(c), courts cannot "parse such a single, unitary period of presentence confinement into hypothetical overlapping

calculate petitioner's "in-prison credits" as to those counts "without regard to the 15% limitations of [§ 2933.1]." (See id.)

The State appealed the trial court's order and, on October 21, 2005, the California Court of Appeal reversed and remanded for reinstatement of the trial court's initial award of 57 days presentence conduct credit, finding application of § 2933.1 to the entirety of petitioner's sentence did not constitute a violation of the Ex Post Facto Clause.[6] Petitioner thereafter filed a petition for review with the California Supreme Court, which petition was summarily denied in an order filed February 8, 2006. (See Ans. Ex. 9 (People v. McDonough, No. S139311 (2006)).)

## DISCUSSION

### A. Standard of Review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that

---

terms eligible to earn credit at different rates").

[6] The State appealed the trial court's order with respect to both presentence and in-prison credits. (See Ans. Ex. 3 at 12,18.) Although the Court of Appeal did not expressly address the latter, its discussion is equally applicable to both.

principle to the facts of the prisoner's case." Id. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly[;] [r]ather, that application must also be unreasonable." Id. at 411.

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). Consequently, with respect to petitioner's claims brought in the instant petition, the Court "looks through" the California Supreme Court's summary denial of the petition for review to the Court of Appeal's reasoned opinion denying the claims on the merits. See Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (citing Nunnemaker, 501 U.S. at 803-04). Moreover, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." See Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

**B.    Petitioner's Claims**

Petitioner contends he is "being held in custody in violation of the Ex Post Facto Clause of Article I, Section 9 of the United States Constitution, which provides, 'No Bill of Attainder or ex post facto Law shall be passed.'" (See Pet. at 3:16-20 (quoting U.S. Const. art. I, § 9, cl. 3).)[7] Petitioner argues that by limiting the conduct credit he is able to accumulate for all of the offenses to which he pled guilty, rather than only for the offenses that were charged as having occurred entirely after the enactment of § 2933.1,[8] the State impermissibly increased the time he is required to serve on the offenses that predated the

---

[7] To the extent petitioner asserts the California courts misinterpreted § 2933.1 (see Traverse at 2:18-3:5 & n.3), such claim is not cognizable on habeas review in federal court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court interpretation of state law . . . binds a federal court sitting in habeas corpus.")

[8] As noted, petitioner concedes § 2933.1 applies to Counts 5 and 6, the counts charging offenses involving the female minor, each of which is alleged to have occurred after the enactment of § 2933.1.  (See Pet. at 2:9-10.)

5

change in the law. (See Pet. at 3:13-21.)[9]

In support thereof, petitioner relies on Lynce v. Mathis, 519 U.S. 433 (1997) and Weaver v. Graham, 450 U.S. 24 (1981), in each of which decisions the Supreme Court found unconstitutional the retroactive application of a statute limiting the amount of custody credits a prisoner was eligible to earn. See Lynce, 519 U.S. at 435-36, 441 (holding where statute authorized award of early release credits to ameliorate overcrowding, subsequently enacted statute cancelling such credits after they had been awarded violated Ex Post Facto Clause); Weaver, 450 U.S. at 25-26, 33 (finding violation of Ex Post Facto Clause where statute reducing amount of available conduct credit was applied to prisoner convicted of crime committed before its enactment; holding statute effectively "lengthen[ed] the period" of imprisonment).

In so holding, the Supreme Court stressed that, by the Ex Post Facto Clause, "the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." See id. at 28-29; see also Lynce, 519 U.S. at 441 (discussing "lack of fair notice" as "central concern[] of the Ex Post Facto Clause"). In both Lynce and Weaver, however, in finding a lack of fair notice, the Supreme Court was presented with a situation distinguishable from the one presented here.

In particular, the petitioner in each such case had been convicted of a single offense. See id. at 435 (noting "petitioner pleaded nolo contendere to a charge of attempted murder"); Weaver, 450 U.S. at 25 (noting "[p]etitioner pleaded guilty to second-degree murder"). Here, by contrast, petitioner was not sentenced for a single offense occurring prior to the enactment of § 2933.1. Rather, petitioner was sentenced to consecutive sentences for multiple offenses, two of which undisputedly were committed after the statute

---

[9] The Court of Appeal found petitioner's pleas to the offenses upon the male minor, which offenses, as noted, were alleged to have occurred "on or about and between September 28, 1990 and September 27, 1995," were insufficient under California law to establish such offenses were committed after September 21, 1994, the date § 2933.1 became effective. See People v. McDonough, 2005 WL 2722740, at *4-5. For purposes of the instant petition, the Court will assume those convictions were for offenses committed prior to the effective date of § 2933.1.

in question became effective.[10] Further, under California law, those consecutive sentences constitute a single, indivisible sentence of 28 years.

In particular, "multiple consecutive determinate terms must be combined into a single 'aggregate term of imprisonment for all [such] convictions,' that merges all terms to be served consecutively and complies with the rules for calculating aggregate terms and specific enhancements." See Reeves, 35 Cal. 4th at 772-73 ("confidently assum[ing]" 15 percent limitation applicable to entirety of sentence that "combines consecutive terms for violent and nonviolent felony offenses"); see also id. at 775 (citing with approval cases holding 15 percent limitation applicable to entire "period of presentence confinement"; noting such confinement "is indivisibly attributable to all of the offenses with which the prisoner is charged"). Consequently, for purposes of applying § 2293.1, it is not possible to allocate any particular part of petitioner's time in prison to any particular offense. See id. As the California Supreme Court has explained:

> To suggest that a prisoner serving an aggregate term serves the component terms and enhancements in any particular sequence would be a meaningless abstraction. . . . Accordingly, a restriction on credits applicable to 'any person who is convicted of a [qualifying] felony offense logically applies throughout the aggregate term.

Id. at 773 (internal quotation and citation omitted)[11]

Petitioner argues California's sentencing law, as applied to offenses predating the enactment of § 2933.1, is inconsistent with the Ex Post Facto Clause. As the Court of Appeal held, however, § 2933.1 is applicable "by reason of [petitioner's] commission of a listed offense after the statute was enacted." See People v. McDonough, 2005 WL 2722840, id. at *9 (emphasis in original) (distinguishing Weaver, 450 U.S. 24). Petitioner cannot complain that he did not have "fair notice" of § 2933.1 at the time he committed the

---

[10] As noted above, petitioner's sentence consists of consecutive sentences on Counts 1 through 6, comprising a combined 28-year aggregate sentence, with a concurrent six-year term on Count 7. (See Ans. Ex. 14 at 427-28.)

[11] Reeves distinguished sentences based on concurrent terms. In the unusual case where concurrent terms are of unequal length and the shorter term is for a qualifying offense and the longer term is for a non-qualifying offense, such defendant is entitled to a 15 percent credit for the time the two terms overlap and thereafter to a 50 percent credit. See id. at 773, 780-81.)

two offenses upon the female minor.  See Miller v. Florida, 482 U.S. 423, 430 (holding "central to the ex post facto prohibition is a concern for . . . lack of fair notice and governmental restraint") (internal quotation and citation omitted).  Indeed, petitioner admits as much by not challenging the application of § 2933.1 to his sentence insofar as it relates to those two counts.

Moreover, at the time he committed the offenses upon the female minor, petitioner was on notice that sentences in California are aggregated and that § 2933.1 would apply to his entire aggregate sentence, and not its individual parts.  See Cal. Penal Code § 1170.1(a) (West 1994) (providing consecutive sentences aggregated);[12] Cal. Penal Code § 2933.1(a) (West 1994) (providing "any person who is convicted" of a qualifying offense "shall accrue no more than 15 percent of worktime credit") (emphasis added); Cal. Penal Code § 2933.1(c) (West 1994) (providing "the maximum credit that may be earned against a period of confinement . . . following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent"); see also People v. Ramos, 50 Cal. App. 4th 810, 817 (Cal. Ct. App. 1996) (holding limit on conduct credits under § 2933.1 "applies to the offender not the offense").  Consequently, petitioner was on notice that, by committing a new, qualifying offense, he would sacrifice the goodtime credit he otherwise could have earned.

Further, although neither party cites, and this Court has not located, any case, let alone Supreme Court authority, addressing the precise issue presented here, a number of circuit courts have had occasion to consider an analogous question in the context of the federal sentencing guidelines, specifically, application of the "one-book rule."  See U.S.S.G. § 1B1.11(b)(3); United States v. Kumar, 617 F.3d 612, 625 (2d Cir. 2010).  Under the one-book rule, "[i]f a defendant "is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses."  See id. (quoting

---

[12] Indeed, California law requiring aggregation of terms has been in effect since before 1977.  See Historical and Statutory Notes, West's Ann. Cal. Penal Code (2004 ed.) § 1170.1.

8

U.S.S.G. § 1B1.11(b)(3)) (emphasis added).

In <u>Miller</u>, the Supreme Court, citing its decision in <u>Weaver</u>, held the application of revised guidelines to offenses committed before their effective date violates the <u>Ex Post Facto</u> Clause. <u>See</u> <u>Miller</u>, 482 U.S. at 435-36 (citing <u>Weaver</u>, 450 U.S. at 36). Thereafter, with the reasoning of <u>Miller</u> and <u>Weaver</u> well in mind, "[a] majority of circuit courts has held that the one-book rule does not contravene the <u>Ex Post Facto</u> clause, at least as applied . . . to a series of similar offenses." <u>See</u> <u>Kumar</u>, 617 F.3d at 626 (elipsis in original; internal quotation and citation omitted) (collecting cases from Fourth, Fifth, Eighth, Tenth and Eleventh Circuits; noting opinions to contrary by Third and Ninth Circuits).[13]

In <u>Kumar</u>, for example, the defendants were convicted of securities fraud offenses completed by 2000 and obstruction of justice in 2003, <u>see</u> <u>id.</u> at 617, 625, and appealed the district court's application of the 2005 Guidelines to the fraud offenses, <u>see</u> <u>id.</u> at 625.

In affirming the sentence, the Second Circuit explained:

> [T]he one-book rule . . . does not violate the <u>Ex Post Facto</u> clause when applied to the sentencing of offenses committed both before and after the publication of a revised version of the Guidelines. . . . [T]he adoption of the one-book rule prior to the commission of the defendants' obstruction offense had placed them on notice of the consequences of committing that second offense. That the consequence of the second offense included the application of the post-amendment Guidelines to all offenses considered at the defendant's sentencing was fully apparent prior to the commission of the crimes that triggered those consequences.

<u>See</u> <u>id.</u> at 628 (internal quotations and citations omitted).[14] The Second Circuit further

---

[13] <u>See</u> <u>United States v. Ortland</u>, 109 F.3d 539, 545-47 (9th Cir. 1997); <u>United States v. Bertoli</u>, 40 F.3d 1384, 1404, n.17 (10th Cir. 1994).

[14] Although it appears that, in some instances, the one-book rule was in effect prior to the commission of the pre-revision offense as well the post-revision offense, neither <u>Kumar</u> nor any of the circuit court decisions in agreement therewith place any significance on such circumstance, and, indeed, one such circuit expressly recognized that the defendant "could not have predicted the one book rule" at the time of commission of his first offense. <u>See</u> <u>United States v. Bailey</u>, 123 F.3d 1381, 1406 (11th Cir. 1997) (noting "importantly, the <u>Ex Post Facto</u> Clause will not be implicated because Bailey will be sentenced by the effective Sentencing Guidelines Manual when he committed the last of the crimes for which he is being punished"); <u>see also</u> <u>Kumar</u>, 617 F.3d at 631 ("The one-book rule only becomes relevant to a defendant at the time of the commission of a subsequent offense, when it puts the defendant on notice that when he commits that subsequent offense the sentence for his first offense will be higher than it would have been otherwise.").

observed: "The existence of an <u>ex post facto</u> violation turns on whether an individual was deprived of fair notice, "not [on] an individual's right to less punishment." <u>Id.</u> (quoting <u>Weaver</u>, 450 U.S. at 30).

As noted, petitioner identifies no clearly established Supreme Court precedent prohibiting application of a revised conduct statute to an aggregate sentence comprised of qualifying offenses committed both before and after its enactment. Given the absence of Supreme Court precedent, and given the above-discussed split among the Circuit Courts of Appeals with respect to an analogous issue, the Court finds petitioner has failed to show the state court's determination to apply § 2933.1 to petitioner's entire sentence was either contrary to, or involved an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 23, 2011

MAXINE M. CHESNEY
United States District Judge